IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00303-RBJ

EAGLE SYSTEMS & SERVICES, INC.,

    Plaintiff,

v.

EXELIS SYSTEMS CORPORATION,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER
## REGARDING DISCOVERY

---

WHEREAS, Plaintiff, Eagle Systems & Services, Inc. ("Eagle"), and Defendant, Exelis

Systems Corporation ("Exelis"), each represented by and through their respective counsel, agree

that it would facilitate the parties' discovery to produce certain confidential information under a

Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1) and have stipulated and

agreed to the terms of paragraphs 1 through 45 of this Order; and

WHEREAS, the parties jointly have moved this Court for the entry of this Order pursuant

to Rule 26(c)(1) governing the use of information and documents produced in discovery in the

above-captioned case, the terms of which are set forth in this Order, and good cause therefore

having been shown, now therefore it is ORDERED as follows:

### Definition of Confidential Information

1.      "Confidential Information," as used herein, shall be defined as and refer to,

information, data, and documents the production of which would, in the good faith belief of the

producing party, result in the disclosure of one of the following categories of  information: non-

public personal, proprietary, financial, technical, trade secret, commercially sensitive information or other confidential business information.

2.      Confidential Information does not include any document, information or material that: (a) the party has not made reasonable efforts to keep confidential; (b) has been produced in any other action or proceeding without confidentiality protection, except inadvertently produced documents; (c) has been lawfully obtained by and from another source; or (d) has been denied confidential treatment in any other action or proceeding by a final Court Order.

## Purpose of Protective Order

3.      The purpose of this Protective Order is to protect the confidentiality of the parties' legitimate business interests and non-public personal, proprietary, financial, technical, trade secret, commercially sensitive, or confidential business information in discovery in this case.

4.      This Protective Order also implements certain restrictions contained with the parties' subcontract, including compliance with 10 U.S.C. § 130 and/or DoD Directive No. 5230.25, dated November 6, 1984, entitled "Withholding of Unclassified Technical Data From Public Disclosure" as well as restrictions implemented under Form DD 254, which is incorporated into the subcontract. This Protective Order shall solely apply to govern the use and dissemination of all documents, material, or information designated as Confidential Information in accordance with the terms of this Protective Order for discovery purposes only.

5.      This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties. This Protective Order does not restrict in any manner a party's use of its own Confidential Information.

6.      This Protective Order does not relieve any party of its obligations to respond to otherwise proper discovery requests in a timely fashion. This Protective Order does not address filing Confidential Information with the Court. Prior to filing any Confidential Information with

the Court, the parties shall meet and confer consistent with the Court's Practice Standards, D.C.COLO.LCivR 7.2, and the Court's Electronic Case Filing Procedures, as applicable.

7.      Nothing contained in this Protective Order, or any action taken pursuant to it, shall waive or impair the right of any party to contest the alleged relevancy, admissibility, or discoverability of documents or information sought or produced in discovery.  The producing party shall act in good faith in designating discovery material as confidential pursuant to this Protective Order.

### Designation and Treatment of Confidential Information

8.      Any party or other person who produces or supplies information, documents, or other material in the above captioned case (the "Designating Party") may designate as Confidential Information any information, document, or material that meets the definition of Confidential Information set forth in paragraph 1 of this Protective Order.

9.      In the event that a non-party produces or discloses information for purposes of discovery in this litigation, that non-party may agree to be bound by the terms and conditions of this Protective Order and shall so state in writing.  In that case, the non-party may designate documents and information as Confidential Information, and the parties hereto shall abide by the terms herein with respect to such information.

10.      The designation of Confidential Information shall be made by the Designating Party affixing on the document or material containing such information the following words: "**PROTECTED—SUBJECT TO PROTECTIVE ORDER**."  Affixing such a label on the cover of any multi-page document shall be deemed to designate all pages of such document as Confidential Information unless otherwise indicated by the Designating Party.

11.      The designation of Confidential Information that the Designating Party believes in good faith that the document or material contains highly sensitive business, technical or financial

information, and the disclosure of which presents a meaningful risk of injury to the business interests of the Designating Party and/or a risk of harming the competitive position of the Designating Party, shall be made by affixing on the document or material containing any such information the following words: "**ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER**." Affixing such a label on the cover of any multi-page document shall be deemed to designate all pages of such document as AEO Confidential Information unless otherwise indicated by the Designating Party.

12.     A party that produces documents in electronic form in native format may insert the phrase "**PROTECTED—SUBJECT TO PROTECTIVE ORDER**" or "**ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER**" and a bates or hash number into the document, or may affix the protective order phrase marking in any other way on the document that is most cost efficient to the Designating Party, provided that the marking gives notice to the receiving party of the designation. The parties reserve the right to agree to other means to designate Confidential Information produced in electronic form.

13.     Neither the designation nor the failure to object thereto shall be construed in any way as an admission or agreement by any party that the designated information constitutes or contains Confidential Information as to which the Designating Party is entitled to any protection or rights under applicable legal principles, except as provided in this Protective Order.

14.     In the event that a Designating Party makes documents or materials available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purpose of initial inspection, all documents made available for inspection shall be considered Confidential Information. Upon production of the inspected documents, the Designating Party shall state in writing within five (5) business days of

production which of the produced or copied documents and materials are or contain Confidential Information.

15.     All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order and prevent inadvertent disclosures of Confidential Information.  This Protective Order applies to all vendors including, without limitation, any copy service, document storage companies, or electronic discovery vendors.  It is the responsibility of counsel of record to take reasonable steps to ensure that all vendors comply with this Protective Order.

16.     Any summary, extract, paraphrase, quotation, restatement, compilation, note, or copy containing Confidential Information, or any electronic image or database containing Confidential Information, shall be subject to the terms of this Protective Order to the same extent as the document, material, or information from which such summary, extract, paraphrase, quotation, restatement, compilation, note, copy, electronic image, or database is derived.  This paragraph is not intended to provide "confidential treatment" to motions, briefs, or other court-filed documents that are based generally on information contained in "confidential" materials.

### Limitations on Use of Confidential Information

17.     Confidential Information shall only be used by the parties and their counsel for prosecution and defense of the above captioned case.  Confidential Information shall not be used or disseminated in any other cases, actions, or proceedings.  Confidential Information shall not be used for any other purpose whatsoever including, without limitation, commercial, publicity, business, marketing, competitive, or personal purposes without prior written approval by the Designating Party.  Bates numbers, hash numbers, and confidentiality designations placed on a document by the Designating Party shall not be removed or altered.

**Limitations on Disclosure of Confidential Information**

18.     No Confidential Information may be disclosed except:  (a) as expressly authorized by this Protective Order; (b) with the prior written consent of the Designating Party; or (c) in accordance with a court order.

19.     Access to Confidential Information designated as "PROTECTED—SUBJECT TO PROTECTIVE ORDER" shall be limited to:

a.     The parties to this case, including their current members, officers, directors, partners, representatives, attorneys, in-house counsel, or employees with whom counsel reasonably determines it is necessary to confer about Confidential Information subject to this Protective Order for the purposes of this case;

b.     Counsel to the parties, including co-counsel of record, in-house counsel to the parties, partners, associates, legal assistants, and clerical and other support staff who are employed by counsel or are working under the express direction of counsel;

c.     Clerical and data processing personnel who are not regularly employed by the parties or their counsel, but are involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and/or review of Confidential Information, to the extent reasonably necessary to assist a party or its counsel in this action, provided that before receiving "**PROTECTED—SUBJECT TO PROTECTIVE ORDER**" Confidential Information, such person is made aware of and agrees to be bound by the terms of this Protective Order, either through the

6

execution of an Acknowledgement in the form of Attachment A hereto, or through its agreement with the party requesting services;

d.     Any person who is indicated on the face of the document to have been an author, addressee, or recipient thereof; who is alleged by a party to be an author, addressee, or recipient thereof; or who counsel believes in good faith has previously received the document or information by legal means from the Designating Party or another third party;

e.     Court reporters, stenographers, and videographers employed for the purpose of transcribing and/or recording testimony at any deposition in the above-captioned case;

f.     Any mediator or arbitrator engaged by the parties in connection with the above-captioned case;

g.     Any actual or proposed witness and their counsel, if such information is necessary to prepare that witness to testify or to develop that witness's testimony at deposition or trial, provided that before receiving or being advised of the contents of **"PROTECTED — SUBJECT TO PROTECTIVE ORDER"** Confidential Information, such witness shall agree to be bound by this Protective Order and execute an Acknowledgement in the form of Attachment A hereto; and

h.     Experts or consultants retained in connection with the above-captioned case who first agree to be bound by this Protective Order and execute an Acknowledgement in the form of Attachment A hereto.

20.     Confidential Information designated as "**ATTORNEYS EYES ONLY— SUBJECT TO PROTECTIVE ORDER**" may be viewed only by the receiving attorneys of record, partners, associates, legal assistants, and clerical or other support staff who are employed by or working under the express direction of counsel.  Confidential Information so designated may not be disclosed to any other person by the receiving attorney, including but not limited to, their client or its in-house counsel, unless pursuant to the written stipulation of the Designating Party.  Notwithstanding the above, Confidential Information so designated may be disclosed by the receiving party to the following persons:

a.     Clerical and data processing personnel who are not regularly employed by the parties or their counsel, but are involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and/or review of Confidential Information, to the extent reasonably necessary to assist a party or its counsel in this action, provided that before receiving "**ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER**" Confidential Information, such person is made aware of and agrees to be bound by the terms of this Protective Order, either through the execution of an Acknowledgement in the form of Attachment A hereto, or through its agreement with the party requesting services;

b.     Any person who is indicated on the face of the document to have been an author, addressee, or recipient thereof; who is alleged by a party to be an author, addressee, or recipient thereof; or who counsel believes in good

faith has previously received the document or information by legal means from the Designating Party or another third party;

c.     Court reporters, stenographers, and videographers employed for the purpose of transcribing and/or recording testimony at any deposition in the above-captioned case;

d.     Any mediator or arbitrator engaged by the parties in connection with the above-captioned case;

e.     Any actual or proposed witness and their counsel,  if  the witness previously received, viewed, or authored the AEO Confidential Information; and

f.     Experts or consultants retained in connection with the above-captioned case who first agree to be bound by this Protective Order and execute an Acknowledgement in the form of Attachment A hereto.

21.    Each person who is permitted access to Confidential Information as set forth in paragraphs 19 and 20 shall first be shown a copy of this Protective Order and shall sign a copy of the "Confidentiality Acknowledgment," which binds the person to the terms of this Protective Order and which is attached to the Protective Order as "Attachment A."  Counsel for the party disclosing the Confidential Information shall obtain an executed Confidentiality Acknowledgment from any person to whom Confidential Information is disclosed in advance of such disclosure and shall retain the original executed Confidentiality Acknowledgment.

22.    If a party or other person who is in possession, custody, or control of documents or material, the content of which has been designated as Confidential Information, receives a subpoena, record request, or order for production of Confidential Information (collectively

"Subpoena"), said party or person shall immediately notify the Designating Party and, at a minimum, shall provide the Designating Party ten (10) days' notice prior to any required production.  The party or other person to whom the Subpoena is directed shall not disclose Confidential Information before the production date set forth in the Subpoena and shall seek an extension of time to comply with any Subpoena when necessary to provide the required ten (10) day notice to the Designating Party, as set forth above.

### Depositions Involving Confidential Information

23.    Depositions, or portions thereof, may be designated Confidential Information by counsel for the deponent or the Designating Party orally on the record at the time of the deposition.  Designation of Confidential Information may also be made in writing no later than twenty-five (25) days after receipt of the final, unsigned deposition transcript.  Until expiration of this twenty-five (25) day period, all deposition testimony and transcripts of the same shall be treated as Confidential Information subject to the terms of this Protective Order.

24.    No persons, other than persons authorized to receive access to **"PROTECTED — SUBJECT TO PROTECTIVE ORDER"** Confidential Information, may attend, review the transcripts of, or view the video records of any portion of a witness deposition during which Confidential Information is shown or discussed.

25.    If the deposition, or portion thereof, is designated **"ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER,"** then no persons other than persons authorized to receive access to **"ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER"** Confidential Information, may attend, review the transcripts of, or view the video records of any portion of a witness deposition during which AEO Confidential Information is shown or discussed.

## Objections to Designation of Confidential Information

26.     If a dispute arises concerning the designation of any Confidential Information in discovery, the party objecting to the designation of any discovery materials designated as Confidential Information shall state the objection by letter to counsel for the Disclosing Party. The parties shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.

27.     If the parties cannot informally resolve any dispute regarding whether particular information is properly designated as Confidential Information in discovery under this Protective Order, within fourteen (14) days after issuing the letter to counsel stating the objection, a party may apply to or move the Court for an *in camera* determination or Order that Confidential Information is not entitled to such designation status and protection from disclosure. The Designating Party shall be given notice of the application or motion and a reasonable opportunity to respond. Material designated as Confidential Information prior to any such challenge shall be treated as such by the parties until further order of the Court has determined or ordered otherwise. The burden rests on the Designating Party to demonstrate that the designation is proper.

## Preservation of Confidentiality

28.     Counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, distribution of, or access to Confidential Information.

29.     This Protective Order is not a waiver or relinquishment of a party's confidentiality claim to any designated materials. This Protective Order also shall not abrogate or diminish any privilege or any contractual, statutory, or other legal obligation or right of any party with respect to materials sought or produced.

11

30.     The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.  The parties agree to meet and confer in good faith to resolve any disputes as to whether a party has waived its claim of confidentiality.   Any dispute over whether the Designating Party has waived its claim of confidentiality shall be resolved in accordance with the procedures set forth in paragraphs 26 and 27 (Objections to Designation of Confidential Information) and any applicable case law.

31.     In the event that a party inadvertently fails to designate materials or information as Confidential Information under this Protective Order, the Designating Party may designate materials or information as Confidential Information by providing written notice to the other party and by producing a copy of the material or information with the confidential designation required by this Protective Order.  Such written notice must be provided within fifteen (15) days of the discovery of the inadvertent failure to designate.  Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim of confidentiality when such claim is timely asserted in writing within fifteen (15) days of the discovery of the inadvertent failure to designate.

32.     Upon receipt of the written notice described in the preceding paragraph, the receiving party shall destroy all prior copies of the material or information and shall thereafter treat such material or information as Confidential Information under this Protective Order.  If the receiving party disclosed the material or information before receiving notice, the receiving party must take good faith reasonable steps to retrieve it and shall in good faith prevent further disclosures, but the receiving party shall not be deemed to have breached this Protective Order

for disclosure(s) of the material or information prior to receiving the written notice of inadvertent failure to designate.

33.     In the event the Disclosing Party produces in discovery two or more identical copies of a document of which at least one copy is designated as containing Confidential Information and at least one copy is not so designated, once such a discrepancy is actually discovered by the receiving party, all copies of the document shall be treated as being subject to the most restrictive designation of Confidential Information applicable to such document.

## Non-Termination of Confidentiality

34.     Any information or documents designated as Confidential Information in discovery pursuant to the terms of this Protective Order shall continue to be treated as such until such time as:   (a) the Designating Party expressly agrees in writing that the information, documents, testimony, or materials are no longer to be designated confidential; or (b) the Court finds and orders that such information or documents are not protected from disclosure under this Protective Order.   Upon a Court Order or finding that documents or information previously designated as Confidential Information in discovery are not protected from disclosure under this Protective Order or the Designating Party's agreement in writing that documents or information previously designated as Confidential Information no longer constitute Confidential Information, the Designating Party shall reproduce in discovery the document or information at issue without any confidential designation and with a bates or hash number different from the document or information originally designated as Confidential Information.

35.     The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of the above captioned case, including any appellate proceedings, or until the Court Orders otherwise.   Within sixty (60) days after final conclusion of this case, including any appellate proceedings, Confidential Information (other than any exhibits made of record with

the Court) and all copies thereof (including electronic copies) shall be returned to the appropriate Designating Party or, at the sole option of the Designating Party as so stated in writing, shall be destroyed.  Counsel for any party or third party receiving Confidential Information in the above captioned case shall provide written notice of compliance with this provision and shall deliver the notice to counsel for each Designating Party within ninety (90) days after final conclusion of this case, including any appellate proceedings.

36.    The parties acknowledge and agree that any breach of the provisions of this Protective Order will cause irreparable injury to the non-breaching party, and that money damages for the breach will not provide an adequate remedy.  As such, if any party hereto breaches, or threatens to breach, any of the provisions of this Protective Order, the parties shall have the right and remedy, in addition to and not in lieu of any other available remedies, to have the Protective Order specifically enforced, including without limitation, the right to restraining orders or injunctions, preliminary and permanent.

## Non-Waiver of Privilege Pursuant to FRE 502

37.    If the party producing documents discovers that it has produced Privileged Material, defined herein to mean documents covered by the attorney-client or work product privilege, to the party receiving the documents and the producing party does not wish to waive the privilege, the producing party shall notify the receiving party in writing that the Privileged Material, identified by Bates number(s), has been produced, and provide the receiving party with a description identifying the Privileged Material with sufficient specificity to allow the receiving party to evaluate the producing party's privilege claim(s).  Within ten (10) business days of receiving such written notification from the producing party, the receiving party shall destroy all electronic or paper copies of the Privileged Material in its possession or control and delete the Privileged Material from any database or other medium in the receiving party's possession or

control in which the Privileged Material is electronically stored.  Within five (5) business days of the destruction and deletion of all copies of the Privileged Material in its possession or control, the receiving party shall provide a written certification confirming such destruction and deletion to the producing party.  Within ten (10) business days following the producing party's receipt of such written notification confirming the destruction and deletion of the Privileged Material, the producing party shall provide the receiving party with a privilege log (or supplemental privilege log, as appropriate) identifying the Privileged Material.

38.     If the receiving party discovers that it has received one or more documents from the producing party that, in the reasonable judgment of the receiving party, appear to be Privileged Material, the receiving party promptly will notify the producing party in writing that such documents have been produced, and will identify the documents by Bates number(s).  If the producing party notifies the receiving party in writing that the documents are indeed Privileged Material and that the producing party does not wish to waive the privilege, the parties will take the steps described in paragraph 37 above regarding the Privileged Material.

39.     In connection with documents produced by the parties, the inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld as Privileged Material shall NOT waive any privilege for that document or for the subject matter of the inadvertently disclosed document in the present case or any other federal or state proceeding.

40.     The receiving party and its agents shall not use, copy, transfer, or distribute any information acquired from the Privileged Material.

41.     If the receiving party believes that a document claimed as privileged is not, in fact, Privileged Material and wishes to use or disclose the document, prior to taking any such

action, the receiving party and producing party shall confer in an effort to resolve their disagreement.  If the parties are unable to resolve this disagreement, the receiving party may move the Court to determine whether the document is privileged.

42.    Any Privileged Material inadvertently disclosed by the producing party to the requesting party shall be and remain the property of the producing party.

43.    These provisions are intended to be consistent with Federal Rule of Evidence 502 and is not to be construed to expand or diminish any of the parties' rights or obligations as therein described.

## Modification of Protective Order

44.    A party may petition the Court, on reasonable notice to the other party, for a modification of the terms of this Protective Order.  The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of the above captioned case.

## Applicability of Protective Order Prior to Court's Entry

45.    The parties agree to be bound by the terms of the Order upon signing by counsel for each of the parties.  Material designated as Confidential Information and produced by any party in discovery prior to the entry of this Protective Order by the Court shall be subject to the provisions of this Protective Order to the same extent as if such Protective Order had been entered by the Court as of the date such material was produced.  Violation of its terms shall be subject to the same sanctions and penalties resulting from any violation of an order of this Court.

**SO ORDERED** on this 7th day of July 2014.

_____
The Honorable R. Brooke Jackson
United States District Judge

Agreed to by the parties on this 25th day of June 2014.

_____
Jon Olafson
ALG ATTORNEYS PLLC
55 Madison Street, Suite 650
Denver, CO 80206
Telephone: 720-536-4685
Facsimile: 720-536-4601
E-mail: jolafson@algattorneys.com

Raighne C. Delaney
BEAN, KINNEY & KORMAN, P.C.
2300 Wilson Boulevard, Seventh Floor
Arlington, VA 22201
Telephone:
Facsimile:
Email: rdelaney@beankinney.com

*Counsel for Plaintiff, Eagle Systems &
Services, Inc.*

_____
Steven M. Masiello
Sandra B. Wick Mulvany
Joseph G. Martinez
MCKENNA LONG & ALDRIDGE LLP
1400 Wewatta Street, Suite 700
Denver, CO 80202
Telephone: 303-634-4000
Facsimile:  303-634-4400
E-mail: smasiello@mckennalong.com
          swickmulvany@mckennalong.com
          jgmartinez@mckennalong.com

*Counsel for Defendant, Exelis Systems Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00303-RBJ

EAGLE SYSTEMS & SERVICES, INC.,

      Plaintiff,

v.

EXELIS SYSTEMS CORPORATION,

      Defendant.

---

**ATTACHMENT A TO PROTECTIVE ORDER
CONFIDENTIALITY ACKNOWLEDGEMENT**

---

      The undersigned hereby acknowledges and agrees:

      I am aware that a Protective Order (the "Order") has been entered in the above captioned case.  I have had the opportunity to read the Order and understand that my willful disclosure of Confidential Information may constitute contempt of court and may be grounds for sanctions and/or penalties, including costs related to enforcement of this Order.  I agree to submit to this Court's jurisdiction for purposes of enforcement of the Order.

      I will not disclose or discuss any Confidential Information with any person except those persons specifically listed in the Order under the procedures therein specified.

Signature:  _____

Name (printed):  _____

Address:  _____

Telephone No.:  _____

Dated:  _____